UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YCONIA BRANHAM, as Personal Representative of the Estate of SEDRICK ANTONIA BRANHAM, SR., Deceased,

CASE NO.: 8:26-cv-3142

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

## COMPLAINT

Plaintiff, Yconia Branham, as Personal Representative of the Estate of Sedrick Antonia Branham, Sr., deceased, by and through the undersigned counsel, sues Defendant United States of America, and alleges as follows:

1. This is an action for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq.

2. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331, because this claim is a civil action arising under the laws of the United States.

3. Venue is proper in the Middle District of Florida, Tampa Division, because the events or omissions giving rise to this claim occurred in Tampa, Hillsborough County, Florida.

4. Sedrick Antonia Branham, Sr., died on October 17, 2024.

5. At all times material, Yconia Branham was the lawful wife of Sedrick Antonia Branham, Sr.

6. At all times material, S.B. and S.B., Jr., were the natural sons of Mr. and Mrs. Branham.

7. Mrs. Branham is the duly appointed personal representative of the Estate of Sedrick Antonia Branham, Sr.

8. Mrs. Branham, in her capacity as Personal Representative, brings this claim of wrongful death for the benefit of the following statutory survivors: Yconia Branham, surviving spouse of Sedrick Antonia Branham, Sr.; S.B., surviving son of Sedrick Antonia Branham, Sr.; S.B., Jr., surviving son of Sedrick Antonia Branham, Sr., and The Estate of Sedrick Antonia Branham, Sr.

9. At all times material, the James A. Haley Veterans' Hospital (hereinafter, "Tampa VAMC") was located in Tampa, Hillsborough County, Florida.

10. At all times material, the Tampa VAMC was owned and operated by Defendant United States of America (hereinafter the "Defendant").

11. At all times material, Sedrick Antonia Branham, Sr. was a patient of Tampa VAMC.

12. Plaintiff has complied with all conditions precedent to the filing of this action, including all pre-suit requirements under the FTCA.

13. Plaintiff properly filed administrative claims with the U.S. Department of Veterans Affairs, which were received on or about March 24, 2026, in the Office of the General Counsel, U.S. Department of Veterans Affairs.

14. More than six months have elapsed since Plaintiff submitted administrative claims and supporting documentation to the U.S. Department of Veterans Affairs.

15. The U.S. Department of Veterans Affairs has not denied Plaintiff's administrative claims.

**COUNT I—Negligence of The United States of America**

16. At all times material, the Tampa VAMC held itself out as offering a full-service hospital and medical center able to provide medical, surgical, diagnostic testing, and other services necessary to evaluate, diagnose and treat patients such as Sedrick Antonia Branham, Sr.

17. At all times material, the Tampa VAMC medical, nursing and support staff owed a duty to Mr. Branham to provide him with medical care and treatment which met the prevailing professional standards of care in treating patients such as Mr. Branham.

18. At all times material, the Tampa VAMC medical staff that evaluated, tested, diagnosed, and treated Mr. Branham, including Ramona Gelzer Bell, MD; Phong Q. Ong, MD; and Marc C. Bertrand, PA-C were employees of the government, as defined by 28 U.S.C. § 2671.

19. At all times material, the Tampa VAMC medical staff that evaluated, tested, diagnosed, and treated Mr. Branham were working within the course and scope of their employment with the government.

20. Mr. Branham had an abnormal echocardiogram at Tampa VAMC on June 5, 2024.

21. There was no recorded follow-up by Tampa VAMC medical staff at any time between June 5, 2024, and August 1, 2024.

22. On August 1, 2024, Mr. Branham underwent a transesophageal echocardiogram ("TEE").

23. On August 6, 2024, Ramona Gelzer Bell, MD, signed the note from the TEE done on August 1st, and indicated that the study revealed "moderate to severe mitral regurgitation."

24. On August 6, 2024, Dr. Bell recommended that Mr. Branham have a cardiology evaluation as soon as possible for mitral valve repair.

25. Marc C. Bertrand, PA-C, indicated on August 6, 2024, that Mr. Branham had severe, asymptomatic mitral regurgitation and indicated a plan for a combined heart catheterization.

26. There was no documented follow up on PA Bertrand's plan until August 28, 2024.

27. On August 28, 2024, Mr. Branham underwent another echocardiogram.

28. The August 28, 2024, echocardiogram performed on Mr. Branham was found to be abnormal.

29. On August 30, 2024, Mr. Branham underwent another TEE and was diagnosed with "moderate to severe, eccentric mitral regurgitation."

30. On August 30, 2024, Arzu Ilercil, M.D., created a note in which he indicated that the TEE done on that date showed "critical results" and that he notified Mr. Branham's primary care physician and also discussed the results with Mr. Branham.

31. On that same day, August 30, 2024, Phong Q. Ong, M.D., made a note recommending that Mr. Branham be evaluated for mitral valve repair or replacement.

32. Dr. Ong did not place any orders or make any referrals to get Mr. Branham evaluated by a cardiothoracic surgeon.

33. There was no follow-up by Tampa VAMC medical staff on any of these recommendations until October 9, 2024.

34. On October 9, 2024, Mr. Branham called Dr. Bell to inquire about follow-up for cardiothoracic surgery.

35. On that same day, October 9, 2024, Dr. Bell placed consults for Mr. Branham with cardiothoracic surgery and cardiology.

36. Despite the ominous test results starting in early June 2024 and continuing through August 2024, and despite repeated recommendations for mitral valve repair or replacement, Mr. Branham was never evaluated by a cardiothoracic surgeon for mitral valve surgery.

37. Instead, it appears nothing was done to follow up on Mr. Branham's critical need for surgery until Mr. Branham himself called Dr. Bell on October 9, 2024, to inquire about the status.

38. Mr. Branham suffered a ventricular fibrillation arrest in the late evening hours of October 9, 2024, or early morning hours of October 10, 2024.

39. Mr. Branham was taken to Advent Health Hospital in Tampa on October 10, 2024.

40. Mr. Branham lingered in the hospital for a week before passing away on October 17, 2024.

41. Mr. Branham died as a result of his ventricular fibrillation arrest, which would have been avoided if he had received timely follow up and surgery on his mitral valve.

42. If the Tampa VAMC medical staff provided timely follow up and care, Mr. Branham would have had mitral valve repair or replacement and would be expected to live to his normal life expectancy.

43. The Defendant, through its physicians, agents and/or employees, was negligent in the care and treatment of Sedrick Antonia Branham, Sr. between June and October 2024.

44. The Defendant's care and treatment of Sedrick Antonia Branham, Sr., through its employees, fell below the prevailing professional standards of care in one or more of the following respects:

a. Failure to place a timely order for a cardiothoracic surgery evaluation when they knew or should have known that Mr. Branham had an urgent need for mitral valve surgery;

b. Failure to timely perform mitral valve surgery on Mr. Branham;

c. Failure to provide required and timely continuation of care among the various medical providers, including both physicians and physician extenders, involved in Mr. Branham's medical care; and

d. Failure to provide cohesive care and communication among the various medical providers, including both physicians and physician extenders, involved in Mr. Branham's medical care.

45. As a direct and proximate result of the negligence of the Defendant, Mr. Branham did not receive the mitral valve surgery he needed.

46. As a further direct and proximate result of the negligence of the Defendant, Mr. Branham suffered a ventricular fibrillation arrest and died.

47. As a further direct and proximate result of the negligence of the Defendant, Yconia Branham has lost the value of her husband's support and services, companionship and protection. She has also suffered mental pain and suffering. These losses and damages are permanent and continuing in nature.

48. As a further direct and proximate result of the negligence of the Defendant, Yconia Branham also paid medical and funeral expenses due to Sedrick Antonia Branham, Sr.'s injury and death.

49. As a further direct and proximate result of the negligence of the Defendant, S.B. has lost the value of his father's support and services, parental companionship, instruction, and guidance. He also has suffered mental pain and suffering. S.B.'s losses are permanent and continuing in nature.

50. As a further direct and proximate result of the negligence of the Defendant, S.B., Jr., Branham has lost the value of his father's support and services, parental companionship, instruction, and guidance. He also has suffered mental pain and suffering. S.B., Jr.'s losses are permanent and continuing in nature.

51. As a further direct and proximate result of the negligence of the Defendant, the Estate of Sedrick Antonia Branham, Sr., is entitled to recover the loss of prospective net accumulations.

52. As a further direct and proximate result of the negligence of the Defendant, the Estate of Sedrick Antonia Branham, Sr., is entitled to collect

medical and funeral expenses that have become a charge against the Estate or that were paid by or on behalf of the decedent, excluding any medical or funeral expenses otherwise recovered by a survivor who has paid them.

WHEREFORE, Plaintiff Yconia Branham, as Personal Representative of the Estate of Sedrick Antonia Branham, Sr., deceased, hereby demands judgment against Defendant United States of America for damages and costs of this action.

**CERTIFICATE OF GOOD FAITH**
**Pursuant to Section 766.104(1), Florida Statutes**

The undersigned attorney certifies that a reasonable investigation has been made, as permitted by the circumstances, to determine that grounds exist for a good faith belief that there was negligence in the care and treatment of Sedrick Antonia Branham, Sr. The investigation gave rise to a good faith belief that grounds exist for the subject action against Defendant.

Dated: October 16, 2026

SPOHRER & DODD, PL

*/s/ Galen D. Bauer*
Galen D. Bauer, Esq.
Florida Bar #0014156
76 S. Laura St., Ste. 1701
Jacksonville, FL 32202
Phone: (904) 309-6500
Fax: (904) 309-6501
Email: gbauer@sdlitigation.com
swentz@sdlitigation.com
*Attorney for Plaintiff*